IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SYLVIA OGBONNA on behalf of and as representative for DEMEKIA COLA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-13-CV-347-KC |
| USPLABS, LLC; JONATHAN VINCENT DOYLE; JACOB GEISSLER; USPLABS JACK3D, LLC; USPLABS OXYELITE, LLC; USPLABS HOLDING, LLC; NATURAL ALTERNATIVES INTERNATIONAL, INC.,; and DOES 1-500, inclusive; | § § § § § § § § § | |
| Defendants. | § | |

## ORDER

On this day, the Court sua sponte considered the above-captioned case (the "Case"). Because "courts are obligated to consider sua sponte issues" relating to subject matter jurisdiction "that the parties . . . have not presented," the Court must evaluate whether it may exercise jurisdiction over the Case. *Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 648 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). The sole basis alleged for the Court's subject matter jurisdiction in the Case is diversity jurisdiction under 28 U.S.C. § 1332. *See* Compl. ¶ 1, ECF no. 1. Diversity jurisdiction requires complete diversity; that is, no plaintiff may be a citizen of the same state as any properly joined defendant. *See*, *e.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806). For the reasons described below, it is unclear whether the parties in the Case are completely diverse. Accordingly, the Court **ORDERS** plaintiff Sylvia

Ogbonna ("Plaintiff") to verify that this Court's exercise of diversity jurisdiction is proper.

Plaintiff alleges that "[a]t the time of her death, Plaintiff-Decedent DEMEKIA COLA ['Plaintiff-Decedent'] was a resident of the state of Texas." Compl. ¶ 14. Thus, it appears that Plaintiff-Decedent was a domiciliary, and therefore a citizen, of Texas. *See*, *e.g.*, *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007)).

Although Plaintiff alleges she is a citizen of the state of Mississippi, Compl. ¶ 15, 28 U.S.C. § 1332(c)(2) provides that, for the purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen *only of the same State as the decedent*" (emphasis added). *Accord*, *e.g.*, *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 447-48 (5th Cir. 2003). However, it is unclear whether 28 U.S.C. § 1332(c)(2) applies in the Case, given that Plaintiff also brings a wrongful death cause of action against Defendants in her own capacity. *See*, *e.g.*, *Webb v. Banquer*, 19 F. Supp. 2d 649, 651-52 (S.D. Miss. 1998) (citations omitted) ("[C]ourts' interpretations of section 1332(c)(2)'s applicability to wrongful death actions have been less than uniform).

The foregoing demonstrates that, while it is unclear, it is at least possible that Plaintiff, Plaintiff-Decedent, or both are citizens of Texas for the purposes of diversity jurisdiction. Several of Defendants also appear to be citizens of Texas. For instance, Plaintiff alleges that Defendants Jonathan Vincent Doyle ("Doyle") and Jacob Geissler ("Geissler") reside in Texas. Compl. ¶ 5. If Doyle and Geissler are in fact domiciliaries of Texas, then they may be citizens of the same State as Plaintiff and/or Plaintiff-Decedent, in which case the Court would lack diversity jurisdiction over the Case. *See*, *e.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston v. Tenet*

*Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007)). Likewise, Plaintiff alleges that Defendant USPLabs, LLC ("USPLabs") is a limited liability company in which Doyle and Geissler are members. *See* Compl. ¶ 6. For the purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Thus, if Doyle and Geissler are citizens of Texas, then so is USPLabs, and Defendants may be incompletely diverse from Plaintiffs. *See*, *e.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Consequently, the Court needs further information before it is satisfied that it has authority to hear the Case.

Therefore, the Court **ORDERS** Plaintiff to verify that this Court has subject matter jurisdiction over the Case by **December 5, 2013.** In particular, Plaintiff must (1) specify the citizenship of each Plaintiff and each Defendant; (2) explain whether Plaintiff should be deemed to be a citizen of the same State as Plaintiff-Decedent pursuant to 28 U.S.C. § 1332(c)(2); and (3) explain whether, under applicable law, the Court should consider Plaintiff-Decedent's citizenship for diversity purposes. Further, if there is any other basis for this Court's jurisdiction over the Case, Plaintiff should provide the Court with relevant facts and citation to legal authority.

**SO ORDERED**.

**SIGNED** this 4th day of November, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE